4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leo EDWARDS, Defendant-Appellant.
 No. 92-1864.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is a direct appeal of a criminal conviction. Leo Edwards was convicted after a jury trial of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846. The court sentenced Edwards to a forty month term of imprisonment and this appeal followed. The parties are represented by counsel on appeal and have briefed the issues. In addition, all parties have agreed to waive oral argument.
 
 
 3
 The evidence adduced at trial reflects the following: On April 30, 1987, a cocaine sale took place in a house located at 6673 St. Cyril Street in Detroit, Michigan. Prior to that date two individuals, Link and Toliver, had contacted the occupant of the house, Roseann Troutman, to inquire about a cocaine purchase. The sale subsequently occurred at the house. Present at the time were Link, Toliver, Troutman, and the defendant Leo Edwards. Two kilograms of cocaine changed hands and the police arrested all present.
 
 
 4
 Defendant Edwards was indicted for distribution of cocaine and conspiracy to distribute cocaine. At the conclusion of the prosecution's case-in-chief, the district court granted a defense motion of acquittal as to the distribution count. The jury later returned a guilty verdict on the conspiracy count.
 
 
 5
 Counsel for Edwards raises only one assignment of error on appeal, namely, that there was not sufficient evidence adduced to support Edwards's conviction for conspiracy. This assignment is based on the lack of direct evidence of Edward's actual involvement in the planning or execution of the cocaine sale.
 
 
 6
 A conviction will not be disturbed on grounds of insufficient evidence if, after viewing the evidence in the light most favorable to the government, an appellate court concludes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This applies whether the evidence is direct or circumstantial, Holland v. United States, 348 U.S. 121, 140 (1954), and it is not necessary that the circumstantial evidence remove every reasonable hypothesis except that of guilt. United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986).
 
 
 7
 There is sufficient evidence to support Edwards's conviction under the Jackson standard. The testimony, viewed in the light most favorable to the prosecution, places Edwards at the scene of a drug transaction in the home of a friend (Troutman) for whom he had agreed to "see" about obtaining the cocaine in a previous conversation. Prior to the sale, Troutman picked Edwards up at the airport in an apparent effort to facilitate the drug sale. At the time of the sale, neither buyer expressed surprise nor apprehension at Edwards's presence even though a large quantity of drugs and money were about to change hands. All other parties present at the sale except Edwards denied bringing in the cocaine; Troutman specifically testified that, to the best of her knowledge, there was no cocaine in the house before Edwards arrived. We believe that a juror presented with this evidence could conclude beyond a reasonable doubt that Edwards was part of the underlying drug conspiracy.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.